UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLEG YARIN,

      Plaintiff,

v.                                        Case No: 8:22-cv-2920-CEH-JSS

GEORGE,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this civil action by moving the court to afford him rights under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771 and to issue orders directing the United States Department of Justice (DOJ), the Federal Bureau of Investigation (FBI), and other applicable law enforcement agencies to investigate and prosecute a crime committed against him. (Motion, Dkt. 1.) Plaintiff thereafter filed an amended motion stating that his original Motion was incorrectly filed as a civil action, asserting that he should not be required to pay the filing fee, and requesting that his Motion be filed on the criminal docket. (Amended Motion, Dkt. 2.) For the reasons that follow, the undersigned recommends that the Motion (Dkt. 1) and Amended Motion (Dkt. 2) be denied without prejudice and this action be dismissed without prejudice.

Initially, Plaintiff commenced this civil action by filing a motion requesting relief, rather than a complaint as required by Federal Rule of Civil Procedure 3. *See*

(Dkt. 1); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").  Plaintiff recognizes this error, and instead requests that he not be required to a pay the filing fee and that his motions "be filed on the Criminal Docket."  (Dkt. 2 at 1–2.)

Further, Plaintiff's Motion and Amended Motion seek orders affording him rights under the CVRA for an alleged crime committed against him by Defendant George in photocopying Plaintiff's military identification. (Dkts. 1, 2.)  Plaintiff seeks an order directing the DOJ, FBI, and other law enforcement agencies to investigate and prosecute this alleged crime, as well as an order directing the DOJ to respond to his motions in writing.  (*Id.*)  The CVRA lists the rights of certain "crime victims" and provides that those rights "shall be asserted in the district court in which a defendant is being prosecuted for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred."  18 U.S.C. § 3771(a), (d)(3).  However, under binding Eleventh Circuit precedent, the CVRA does not "create a private right of action by which a victim can initiate a freestanding lawsuit, wholly unconnected to any criminal prosecution and untethered to any proceeding that came before it."  *In re Wild*, 994 F.3d 1244, 1257 (11th Cir. 2021).  While Plaintiff asserts that he was the victim of a crime, he has not indicated that any criminal proceeding is currently pending, and indeed seeks an order directing the DOJ and FBI to investigate the alleged criminal conduct and to initiate such a proceeding.  (Dkts. 1, 2.)  But as the Eleventh Circuit recognized, "[t]he Supreme Court has repeatedly reaffirmed the principle . . . that 'the Executive Branch has exclusive authority and absolute discretion

to decide whether to prosecute a case.'" *In re Wild*, 994 F.3d at 1260 (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974)); *see also* 18 U.S.C. § 3771(d)(6) ("Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney general or any officer under his direction."). This discretion includes "the decision whether or not to charge an individual with a criminal offense in the first place." *In re Wild*, 994 F.3d at 1260. The CVRA therefore "does not provide a private right of action authorizing [Plaintiff] to seek judicial enforcement of CVRA rights outside the confines of a preexisting proceeding" nor does the CVRA "authorize the sort of stand-alone civil action that [Plaintiff] filed here." *Id.* at 1269.

Accordingly, because Plaintiff seeks an order affording him rights under the CVRA, which does not provide a private right of action, and Plaintiff appears to agree that his motions should not have initiated this civil proceeding,[1] the undersigned recommends that Plaintiff's Motion (Dkt. 1) and Amended Motion (Dkt. 2) be denied without prejudice and that this action be dismissed without prejudice.

**IT IS SO REPORTED** in Tampa, Florida, on February 13, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[1] *See also* (Dkt. 2 at 3 ("This is a matter of National Security and my motion should be filed on the Criminal Docket.").)

## <u>NOTICE TO PARTIES</u>

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Counsel of Record
Unrepresented Party