UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLEG YARIN,

    Plaintiff,

v.                                                                  Case No: 8:22-cv-2920-CEH-JSS

GEORGE,

    Defendant.
_____

**ORDER**

This cause comes before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Julie S. Sneed (Doc. 3). In this case, Plaintiff Oleg Yarin attempts to sue a Coast Guard servicemember under the Crime Victims' Rights Act ("CVRA") for photographing Yarin's military identification. Finding that the CVRA does not provide a private right of action and that Plaintiff himself concedes that his motions should not have initiated a civil proceeding, Magistrate Judge Sneed recommends that the Court deny Plaintiff's Motion (Doc. 1) and Amended Motion (Doc. 2) and dismiss the action without prejudice. Doc. 3 at 3.

Yarin, proceeding *pro se*, objects to the R&R. Doc. 4. Upon consideration of the R&R, Yarin's objection, and the Court's independent examination of the file, the Court will overrule the objection, adopt the R&R, and dismiss the action without prejudice.

I.  **BACKGROUND**

In December 2022, Oleg Yarin initiated this action by submitting a "Motion for Affording of Crime Victim's Rights, for Protection and for Orders Directing the Department of Justice and the Federal [Bureau] of Investigation to Conduct an Investigation." Doc. 1. A month later, he filed an amended motion, which he labeled a complaint to Chief Judge of the Middle District of Florida Timothy J. Corrigan, claiming that the clerk misfiled his initial motion as a civil lawsuit and arguing that he should not have to pay a filing fee. Doc. 2 at 1–2.

Plaintiff seeks court orders affording him rights under the CVRA for an alleged crime that Defendant (named only as "George") committed against him by photographing his military identification. Docs. 1, 2. Plaintiff asks that the Court order the DOJ, FBI, and other law enforcement agencies to investigate and prosecute this alleged crime, and order the DOJ to respond to his motions in writing. *Id.*

The R&R explains that the CVRA lists the rights of certain "crime victims" and provides that those rights shall be asserted in the district court in which a defendant is being prosecuted for a crime or, if no prosecution is underway, in the district court of the district where the crime occurred. Doc. 3 at 2. However, because Eleventh Circuit precedent holds that the CVRA does not create a private right of action, and the Executive Branch has exclusive authority over whether to prosecute a case, the R&R recommends this Court deny both of Plaintiff's motions and dismiss the action without prejudice. *Id.* at 3. Plaintiff objects. Doc. 4.

## II. LEGAL STANDARD

"Within fourteen days after being served with a copy, any party may serve and file written objections" to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see* Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Sch. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

## III. DISCUSSION

In his objection, Yarin argues that: (1) victims of alleged crimes should be allowed to seek prosecution under the CVRA, regardless of binding precedent; (2) the investigation of his complaint is being mishandled; and (3) the Court should order the U.S. Attorney for the Middle District of Florida to respond to his Motion. Doc. 4 at 1–7.

Rather than arguing that any of the R&R's findings or recommendations were erroneous, Yarin's Objection takes issue with the handling of his criminal complaint and the state of the law surrounding the CVRA. However, he fails to show or even argue that any specific portion of the R&R was erroneous.

First, Plaintiff himself states that his motion was misfiled as a civil case and asks that his motions "be filed on the Criminal Docket." Doc. 2 at 1–2. Second, as the R&R correctly explains, binding Eleventh Circuit precedent holds that the CVRA does not "create a private right of action by which a victim can initiate a freestanding lawsuit, wholly unconnected to any criminal prosecution and untethered to any proceeding that came before it." *In re Wild*, 994 F.3d 1244, 1257 (11th Cir. 2021). As to Plaintiff's request that the Court order the DOJ and FBI to investigate this alleged crime and initiate a proceeding, the R&R correctly explains that "[t]he Supreme Court has repeatedly reaffirmed the principle . . . that 'the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.'" *In re Wild*, 994 F.3d at 1260 (citing *United States v. Nixon,* 418 U.S. 683, 693 (1974)); *see also* 18 U.S.C. § 3771(d)(6) ("Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction."). This discretion includes "the decision whether or not to charge an individual with a criminal offense in the first place." *In re Wild,* 994 F.3d at 1260.

Therefore, considering the fact that Plaintiff seeks an order affording him rights under the CVRA, which does not provide a private right of action, and himself acknowledges that this civil proceeding should not have been opened (Doc. 2 at 3), the Amended Motion (Doc. 2) will be denied without prejudice and the Motion (Doc. 1) will be denied as moot. This action will be dismissed without prejudice.

Accordingly, it is **ORDERED**:

1. Plaintiff's Objection to the Report and Recommendation (Doc. 4) is **OVERRULED**.

2. The Report and Recommendation entered by United States Magistrate Judge Julie S. Sneed (Doc. 3) is **ADOPTED, CONFIRMED, AND APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

3. Plaintiff's Amended Motion (Doc. 2) is **DENIED**, without prejudice. Plaintiff's Motion (Doc. 1) is **DENIED** as moot.

4. This action is **DISMISSED**, without prejudice. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on August 15, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties